Bah v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of September, two thousand twelve.

PRESENT:
ROBERT A. KATZMANN,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

AISSATA BAH,
*Petitioner,*

v.                                        11-3943-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____


FOR PETITIONER:    Genet Getachew, Brooklyn, New York.

FOR RESPONDENT:    Stuart F. Delery, Acting Assistant
                   Attorney General; Leslie McKay, Assistant
                   Director; Allison Frayer, Trial Attorney,
                   Office of Immigration Litigation, United
                   States Department of Justice, Washington,
                   D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Aissata Bah, a native and citizen of Guinea, seeks review of a September 16, 2011 decision of the BIA affirming the February 10, 2010 decision of Immigration Judge ("IJ") Noel Ferris denying her motion to reopen. *In re Aissata Bah*, No. A095 460 086 (B.I.A. Sept. 16, 2011), aff'ing No. A095 460 086 (Immig Ct. N.Y. City Feb. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). An alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); *see also* 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). It is undisputed that Bah's 2009 motion to reopen was untimely because the IJ issued Bah's removal order in 2003. *See* 8 U.S.C. § 1229a(c)(7)(A), (C).

2

However, the time limitation for filing a motion to reopen does not apply if the motion requests reopening to apply for asylum, withholding of removal and CAT relief and is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4).

In this case, the agency reasonably concluded that Bah failed to establish a change in country conditions material to her claim for relief.  Bah's fundamental argument is that she fears future persecution in Guinea because she does not support the military government that took power after the death of President Conte in 2009.  However, Bah offered no evidence to support her general claims that her opposition to the new government will result in persecution.  Although she provided articles describing various abuses perpetrated by the new government, she offered no evidence that she would be subject to persecution there on the basis of her political beliefs.  Further, although her husband was allegedly arrested after protesting against the government,

3

Bah offered no evidence that his arrest will result in her arrest, detention or other persecution.  Absent "solid support" in the record that her fear is objectively reasonable, Bah's general claim that she fears future persecution in Guinea is "speculative at best."  *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).  Because substantial evidence supports the agency's conclusion that Bah did not establish changed country conditions material to her claim for asylum, the agency did not abuse its discretion by denying the motion as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(I).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4